IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MALCOLM GREEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF ATLANTA,<br>OFFICER CADEEM PRITCHARD,<br>in his individual capacity,<br>and<br>OFFICER JOHN DOE,<br>in his individual capacity<br><br>　　　　Defendants. | CIVIL CASE NO.: 1:21-CV-4246-TWT |

**COMPLAINT FOR DAMAGES**

COMES NOW Malcolm Green, a Plaintiff in the above styled action and files this his Complaint for Damages.

This is a civil rights action under 42 U.S.C. § 1983, the First, Fourth and Fourteenth Amendments to the United States Constitution and Georgia law. Malcolm Green ("the Plaintiff") alleges that he was illegally and unconstitutionally

1

detained and arrested by Defendants Officer Cadeem Pritchard of the City of Atlanta Police Department, and John Doe, and maliciously prosecuted in violation of the Fourth Amendment of the United States Constitution and Georgia law. Plaintiff also alleges that he was arrested and prosecuted in retaliation for the exercise of his First Amendment rights, and that Defendant City of Atlanta has an unconstitutional policy and practice of providing inadequate training to its officers which resulted in the false arrest and malicious prosecution that is the subject of this suit. Finally, Plaintiff alleges that a final policy maker within the City of Atlanta ordered the arrest of the Plaintiff and insisted on his prosecution as a result of Plaintiff's First Amendment protected activity.

## PARTIES

1.

Plaintiff Malcolm Green is a resident of the State of Georgia, United States citizen, and over the age of eighteen.

2.

Defendant Cadeem Pritchard is an Officer employed by the City of Atlanta Police Department. The headquarters of the City of Atlanta Police Department are

located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Cadeem Pritchard may be served at this address. At all times relevant to this lawsuit, Defendant Cadeem Pritchard acted under the color of law. Defendant Cadeem Pritchard is sued in his individual capacity.

3.

Defendant John Doe is an officer employed by the City of Atlanta who had a final policy making authority within the City in terms of directing law enforcement officers to arrest individuals at the January 6, 2021 protest subject to this lawsuit including the arrest of the Plaintiff. Defendant John Doe will be served when identified at an address determined at such time. At all times relevant to this lawsuit, Defendant John Doe acted under the color of law. Defendant John Doe is sued in his individual capacity.

4.

Defendant City of Atlanta ("the City") is a political subdivision of the State of Georgia, which has the capacity to sue and be sued. The City can be served at: 55 Trinity Ave. SW, Atlanta GA 30303. At all times relevant to this lawsuit, Defendant City of Atlanta acted under the color of law.

5.

All defendants reside in the Northern District of Georgia.

**JURISDICTION AND VENUE**

6.

This case presents a federal question and this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

7.

Under 28 U.S.C. §§ 1331 and 1343(a)(3)&(4), the Court can entertain an action to redress a deprivation of rights guaranteed by the United States Constitution, and the Court has jurisdiction under 28 U.S.C. § 1367 to hear an action to redress a deprivation of rights guaranteed by the laws and the Constitution of the State of Georgia.

8.

This Court has personal jurisdiction of the Defendants under 28 U.S.C. § 1367 and GA. CONST., art. I, § 1, ¶¶ V, XIII.

9.

Venue is proper in the Northern District of Georgia under 28 U.S.C. §

1391(b) because all actions complained of occurred within the boundaries of this judicial district and Defendants reside within this district.

10.

All of the parties herein are subject to the jurisdiction of this Court.

11.

Attorney's fees are authorized under 42 U.S.C. § 1988.

## FACTUAL ALLEGATIONS

12.

On January 6, 2021 a candlelight vigil was held by a small group of people – approximately 25 in size - in the general area of Centennial Olympic Park in Atlanta, Georgia. The candlelight vigil was held in the evening hours of January 6. The purpose of the candlelight vigil was to express disagreement with a decision not to prosecute the officer involved in the shooting of Jacob Blake.

13.

Around 9:00pm the group involved in a candlelight vigil (hereinafter referred to as "protesters") decided to march up a nearby street. At all times the

protest was peaceful.

14.

Within minutes of protesters beginning to march up the street a large number of Atlanta Police appeared on the scene. An order was given almost immediately for the protesters to disperse. The protesters, however, were not given any time to disperse and in any event were only able to move in a "forward" or "backward" direction due to large buildings and structures lining up each side of the street. The police immediately surrounded protesters from both sides – such that there was nowhere the protesters were able to "disperse" to.

15.

Around this time an order was given by Defendant John Doe to arrest all members of the group. Indeed approximately 23 protesters were arrested which included virtually all members of the protest group. All individuals were arrested within minutes of when they began to march.

16.

The Plaintiff was arrested because he was a part of the protest group and not because he violated any laws. More specifically Plaintiff was arrested because of

his exercise of First Amendment rights by way of expressing his disagreement with the decision of not prosecuting the officer involved in the Jacob Blake shooting and engaging in a peaceful protest to express those views. The Plaintiff was not violating any laws at the time of his arrest.

17.

During the course of his arrest Plaintiff received injuries. Plaintiff was ultimately transported to City of Atlanta Jail. Plaintiff was charged with City of Atlanta Ordinance Violation of Pedestrian Obstructing Traffic.

18.

On March 3, 2021 the case against Plaintiff in the Municipal Court of Atlanta was dismissed upon the City's motion of nolle prosequi.

**COUNT I**
**42 U.S.C. § 1983: Unlawful Seizure in violation of the Fourth Amendment**
**(As to Defendants Pritchard, and John Doe)**

19.

Paragraphs 1 through 18 are hereby re-alleged as if fully pled herein.

20.

The conduct of Defendants Pritchard and John Doe in causing and procuring the arrest and detention of Plaintiff without arguable probable cause constituted an unreasonable seizure of his person in violation of the Fourth Amendment.

21.

The law being clearly established in 2021 that an officer of the state cannot cause someone to be arrested and prosecuted without arguable probable cause, Defendants are not entitled to qualified immunity.

### COUNT II
### 42 U.S.C. § 1983: Malicious Prosecution in violation of the Fourth Amendment
### (As to Defendants Pritchard, and John Doe)

22.

Paragraphs 1 through 21 are hereby re-alleged as if fully pled herein.

23.

Defendants Pritchard and John Doe caused a criminal prosecution to be initiated against Plaintiff for the offense of pedestrian obstructing traffic.

24.

Defendant Pritchard not only caused the prosecution to be initiated, and arrest to be executed, but he caused the prosecution to continue based on his arrest warrant affidavit and police report such that Mr. Green had to endure a criminal case which ultimately terminated in his favor. Defendant John Doe is liable for said prosecution due to his ordering Defendant Pritchard to initiate the arrest and prosecution.

25.

Defendants knew that there was no probable cause to support the charges against Plaintiff, but they persisted in initiating, participating in, and assisting with that prosecution despite the complete lack of probable cause.

26.

Said prosecution was based upon statements by Defendants that were either knowingly false or made with reckless disregard for the truth.

27.

Accordingly, said prosecution was carried on maliciously and without probable cause, and it was ultimately terminated in Plaintiff's favor.

28.

The law being clearly established in 2021 that an officer of the state cannot knowingly make false statements in order to cause someone to be prosecuted for an offense that is not supported by probable cause, Defendants are not entitled to qualified immunity.

**COUNT III**
**Municipal Liability**
**(As to Defendant City of Atlanta)**

29.

Paragraphs 1 through 28 are hereby re-alleged as if fully pled herein.

30.

Plaintiff timely gave the City ante litem notice.

31.

City of Atlanta has purchased liability insurance that provides coverage and indemnification for liability arising from the operations of the City of Atlanta Police Department and the conduct of law enforcement officers employed by the City. That policy was in effect at all times relevant to this complaint.

32.

The purchase of liability insurance constitutes a limited waiver of sovereign immunity by City of Atlanta.

33.

The City's insurer did not respond to Plaintiff's ante litem notice.

34.

During the course of their employment and while fulfilling their official duties, Officers Pritchard, and John Doe disregarded clearly established law that a person may not be arrested or prosecuted without probable cause, said actions resulting in a false arrest and malicious prosecution, as well as retaliation for First Amendment protected activity.

35.

The City is liable for the actions of Officers Pritchard, and John Doe under the doctrine of respondeat superior for violations of State law. Under that doctrine, the City is not entitled to present a defense of official immunity.

36.

The City is also liable under the Monell doctrine due to its failure to provide

proper training and because there was a decision by a final policy maker to arrest Mr. Green or to conduct arrests in cases such as Mr. Green's.

37.

The City has a long history of not adequately training its officers when it comes to protecting and respecting citizens' First Amendment rights which includes violating citizens' rights to film the police that ultimately resulted in a contempt order against the City in 2015.

38.

Officers Pritchard, and John Doe also acted pursuant to direct instructions from a final City of Atlanta policy maker to the extent that they were not final policy makers themselves.

39.

By virtue of issuing an order to a large group of officers to "arrest all members of the group" and by virtue of his rank Defendant John Doe acted as a final policy maker for the City of Atlanta in the incident at issue in this case.

## COUNT IV
## O.C.G.A. § 51-7-40: Malicious Prosecution
## (As to Defendants Pritchard, and John Doe)

40.

Paragraphs 1 through 39 are hereby re-alleged as if fully pled herein.

41.

Officers Pritchard and John Doe initiated a criminal prosecution against Mr. Green for a misdemeanor offense, and they knew or should have known that no arguable probable cause existed to believe that Mr. Green had violated those laws or committed any crime recognized by law.

42.

Officers Pritchard and John Doe initiated and maintained the arrest and prosecution of Mr. Green with malice, as interpreted under Georgia law.

43.

This criminal prosecution terminated favorably for Mr. Green.

44.

As a result of the arrest and prosecution, Mr. Green has suffered physical, emotional, mental and financial injury, entitling him to recover nominal,

compensatory and punitive damages against Defendant Officers Pritchard and John Doe for the loss of his rights under this claim, in an amount to be determined by the enlightened conscience of the jury.

## COUNT V
### 42 U.S.C. § 1983: First Amendment Retaliation in violation of the First Amendment
**(As to Defendants Pritchard, and John Doe)**

45.

Paragraphs 1 through 44 are hereby re-alleged as if fully pled herein.

46.

Defendants deliberately initiated and or caused arrest and prosecution against this Plaintiff because Plaintiff exercised his rights to free speech and participated in a protest. Mr. Green was targeted for arrest because he was part of a protest. Plaintiff Green would not have been arrested but for his exercise of his First amendment rights.

47.

Defendants' actions were meant to punish the Plaintiff for his exercise of his First Amendment rights and to prevent him from further speaking and continuing

to protest by abruptly cutting him off and arresting him.

48.

The intentional actions of Defendants in falsely accusing Plaintiff of a misdemeanor crime interfered with Plaintiff's right of freedom of speech and expression in violation of the First Amendment to the US Constitution.

49.

The law being clearly established in 2021 that an officer of the state cannot make false statements or make an arrest to retaliate against a person for their exercise of freedom of speech, Defendants are not entitled to qualified immunity.

50.

Mr. Green alleges that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech or expression had not been arrested.

51.

Mr. Green alleges that no person has been arrested for being a Pedestrian Obstructing Traffic (jaywalking) when they were not engaged in the type of protected speech Mr. Green was engaged in.

52.

Had Mr. Green not been protesting Officers Pritchard and John Doe would not have arrested him. This is evidenced by the common knowledge that officers typically exercise their discretion not to arrest in cases of jaywalking even when probable cause is present. Mr. Green asks that the Court take judicial notice of same or allow Mr. Green to gather evidence of such typical exercise of discretion during discovery. Mr. Green alleges that Officer Pritchard had no arguable probable cause to arrest him for any crime and nothing in this complaint should be construed as an admission or allegation that arguable probable cause existed for any crime.

53.

Retaliatory motive is further evidenced by the fact that Defendant John Doe ordered the arrest of all members of the group without regard for what any individual member was doing.

## DAMAGES

54.

Paragraphs 1 through 53 are hereby re-alleged as if fully pled herein.

55.

As a direct and proximate result of the above described conduct of Defendants, Plaintiff was unreasonably and unlawfully arrested and prosecuted without probable cause and as a retaliation for exercising his First Amendment rights, was imprisoned and deprived of his liberty, was subjected to physical restraint, confinement, and mental suffering and emotional distress that is expected to continue into the future, and was forced to incur other economic and non-economic losses for which Defendants are liable to Plaintiff in an amount to be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

56.

The aforementioned misconduct of Defendants rose to such a level of bad faith, willfulness, and reckless disregard as to authorize the imposition of punitive damages against each one of them.

57.

Plaintiff is also entitled to recover reasonable attorney's fees and expenses of litigation pursuant to 28 U.S.C. §1988.

WHEREFORE, Plaintiff demands the following:

a) That this action be tried by a jury;

b) That judgment be entered in favor of Plaintiff and against each Defendant for nominal, special, compensatory and punitive damages for each violation of the Plaintiff's constitutional rights in an amount to be determined by the enlightened conscience of fair and impartial jurors;

c) That Plaintiff be awarded attorney's fees and reasonable expenses of litigation;

e) That all costs of this action be taxed against Defendants; and

f) That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances.

Respectfully submitted this 11th day of October 2021.

                                  /s/Drago Cepar, Jr.
                                  Drago Cepar, Jr.
                                  Georgia Bar No. 142362

1900 The Exchange, Suite 490
Atlanta, Georgia 30339
Phone: 770-940-3233
Fax: 770-874-2987
dcepar@gmail.com